# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE



U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627

January 17, 2019

**VIA ELECTRONIC FILING**

Erica Millicent Cook
Kind and Dashoff
One Church Ln
Baltimore, MD 21208

El Tapatio, Inc. (El Tapatio Mexican Restaurant)
Beronica Navarro
Ruben Navarro Mendez
PRO SE

Re: *J&J Sports Productions, Inc. v. El Tapatio, Inc. et al.*
Civil Action No.: 8:18-cv-01005-TDC

Dear Counsel:

A copy of the "Report and Recommendations" rendered in the above-captioned case is attached. Any objections you wish to make thereto must be made **in writing and within 14 days** pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

After the time for filing written objections has expired, Judge Theodore D. Chuang will review the "Report and Recommendations" regardless of whether you have filed written objections to it. If you should fail to file written objections within the time set forth above (or within the time of any extension specifically granted by the Court) and Judge Chuang subsequently adopts the Report and Recommendations, you will have lost your right to appeal the findings and conclusions set forth therein to the United States Court of Appeals for the Fourth Circuit, except upon grounds of plain error.

Very truly yours,

/s/
Gina L. Simms
United States Magistrate Judge

Attachment

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: 18-1005-TDC |
| | * | |
| | * | |
| **EL TAPATIO, INC t/a EL TAPATIO** | * | |
| **MEXICAN RESTAURANT, et al.** | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | ***** | |

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the "Motion for Judgment by Default" (the "Motion"), filed by the J&J Sports Production, Inc. ("Plaintiff") against El Tapatio, Inc. t/a El Tapatio Mexican Restaurant, Beronica Navarro, and Ruben Navarro Mendez (collectively, the "Defendants"). (ECF No. 15).

Pursuant to 28 U.S.C. § 636 and Local Rule ("L.R.") 301, the Honorable Theodore D. Chuang referred this matter to the undersigned to author a report and make recommendations concerning default judgment and/or damages. The relevant issues have been briefed, and I do not believe an additional hearing is necessary. L.R. 105.6. As set forth more fully below, I ultimately recommend that the Court **GRANT** Plaintiff's Motion and award Plaintiff $20,540 in damages and other relief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

The facts, as set forth in Plaintiff's Complaint, are that J&J Sports Productions, Inc. is a California corporation engaged in the commercial distribution and licensing of sporting events. (ECF No. 1). On April 23, 2015, Plaintiff entered an agreement that granted it exclusive closed-

circuit television distribution rights to "*The Fight of the Century*" *Floyd Mayweather, Jr. v. Manny Pacquiao Championship Fight Program* (the "Program"), which was to broadcast nationally on May 2, 2015. (ECF No. 1-2). Plaintiff subsequently entered into sublicensing agreements with various commercial establishments, which purchased the rights to exhibit the Program. (ECF No. 1). The transmission of the Program was encrypted and available only to those establishments that paid the sublicensing fee. (ECF No. 15-8).

Brian Stephens, an investigator hired by Plaintiff, declared in a sworn affidavit that, on May 3, 2015 at 12:43 a.m., he paid a $10 cover charge to enter El-Tapatio Mexican Restaurant and observed the final round of the Program being shown on a large projection screen and on six other flat screen televisions positioned throughout the restaurant. (ECF No. 15-7).

### B. Procedural Background

On April 6, 2018, Plaintiff filed a Complaint asserting claims that the Defendants engaged in unauthorized interception of communications through a cable system, in violation of 47 U.S.C. § 553; and unauthorized interception of a wire or radio communication, in violation of 47 U.S.C. § 605. (ECF No. 1). Plaintiff alleges that the Defendants violated these statutes by showing the Program without authorization "for the purpose of direct or indirect commercial advantage." (*Id*.).

On April 13, 2018, Plaintiff served the summonses and the Complaint upon Ruben Navarro Mendez and Beronica Navarro. (ECF Nos. 5 – 6). On June 1, 2018, Plaintiff served a summons and the Complaint on El Tapatio, Inc. (ECF No. 8). Thereafter, Plaintiff moved for entry of default against the Defendants. (ECF Nos. 9-10; 13). The Clerk of the Court entered default on June 12, 2018, against the individual defendants, and against El Tapatio, Inc. on August 3, 2018. (ECF Nos. 11-12; 14).

On August 21, 2018, Plaintiff filed a "Motion for Judgment by Default" seeking statutory damages, attorneys' fees, and costs in the amount of $20,540.00. (ECF No. 15). To date, the Defendants have not filed an Answer nor otherwise responded to the Complaint.

## II. DISCUSSION

### A. **Default Judgment**

Rule 55 of the Federal Rules of Civil Procedure governs default judgments. Upon motion of a party, Rule 55(a) provides that a default judgment can be entered when a defendant fails to "plead or otherwise defend in accordance with [Rule 55]." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

When evaluating a motion for default judgment, a district court accepts as true the well-pleaded factual allegations within the complaint, other than those pertaining to damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *see also* Fed.R.Civ.P. 8(b)(6). If a party's factual allegations are unchallenged because of a defendant's unresponsiveness, a district court has the discretion to grant default judgment. *See* Fed.R.Civ.P. 55(a)–(b); *see also Disney Enters. v. Delane*, 446 F.Supp.2d 402, 405–06 (D.Md. 2006) (holding that entry of default judgment was proper because defendant had been properly served with a complaint and did not respond, even after plaintiffs tried repeatedly to contact him); *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 422 (D.Md. 2005) (concluding that default judgment is appropriate when defendant is "unresponsive for more than a year" after denial of motion to dismiss, even though defendant was properly served with plaintiff's motions for entry of default and default judgment); *Park Corp v. Lexington Ins. Co.*, 82 F.2d 894, 896 (4th Cir. 1987) (affirming default judgment when defendant lost summons and did not respond within the proper timeframe).

More than eight months have elapsed since Defendants Mendez and Navarro were served with the Complaint, and more than six months has passed since El Tapatio, Inc., was served with

the Complaint. None of the Defendants have responded or otherwise defended against the action. Accordingly, I recommend that the Court grant default judgment.

**B. Damages**

A defendant's failure to deny pursuant to Fed.R.Civ.P. 8(b)(6) is not treated as an admission related to damages. *See Monge v. Portofino Ristorante*, 751 F.Supp.2d 789, 794 (D.Md. 2010); *Ryan*, 253 F.3d at 780. Ordinarily, "'[c]laims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed.'" *Trustees of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.*, No. ELH-11-832, 2011 WL 5151067, at *4 (D.Md. Oct. 27, 2011) (quoting *U2 Home Entertainment, Inc. v. Fu Shun Wang*, 482 F. Supp.2d 314, 318 (E.D.N.Y. 2007)). However, the Court may award damages without a hearing if the record supports the damages requested. *See Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No.6:09cv00004, 2009 WL 1872535, at *2 (W.D.Va. June 30, 2009) (concluding no evidentiary hearing on damages needed based on moving party's affidavit and printout submissions establishing amount of damages sought); *DirecTV, Inc. v. Yancey*, No. Civ.A. 404CV00011, 2005 WL 3435030, at *2 (W.D.Va. Dec. 12, 2005) (concluding that where sufficient evidence exist to support damages, "[a] hearing in open court is not required").

*1. Plaintiff Should Be Awarded $3,000 in Statutory Damages*

In the Complaint, Plaintiff sought statutory damages in the amount of $110,000 for the violation of 47 U.S.C. § 605 and $60,000 for the violation of 47 U.S.C. § 553. (ECF No. 1). However, in its Motion, Plaintiff solely seeks damages under 47 U.S.C. § 605. (ECF No. 15-5). Specifically, Plaintiff seeks $3,000 in statutory damages and $15,000 in enhanced damages, for a total of $18,000.

Title 47, Section 605(e)(3)(C)(i)(II), of the U.S. Code governs awards of damages to the requesting party. According to this section, Plaintiff is entitled to an award that a district court, in its wide discretion, considers "just," which is a range between $1,000 to $10,000 for each unauthorized transmission that violates the statute. 47 U.S.C. § 605(e)(3)(C)(i)(II); *J&J Sports Productions, Inc. v. Quattrocche*, No. WMN-09-3420, 2010 WL 2302353, at *2 (D.Md. June 7, 2010). Courts within this District have exercised their discretion in a variety of ways. *See Quattrocche*, 2010 WL 2302353, at *2. Under one option, a district court multiplies a "certain amount by either the number of patrons observed at the defendant's establishment at the time the program was shown, or by the maximum occupancy of the establishment." *Id*. This option approximates the potential profits earned by a defendant or the revenue lost by the plaintiff "if each patron would have ordered the event for residential viewing." *Id*.; *Joe Hand Promotions, Inc. v. Bougie, Inc*., No. 109cv00590, 2010 WL 1790973, at *5 (E.D.Va. April 12, 2010) (calculating damages based upon number of patrons and a reasonable rate). Under a second option, a district court considers the maximum occupancy of the establishment and the corresponding licensing fee, had the defendant legally purchased the program. *Quattrocche*, 2010 WL 2302353, at *2. *See also J&J Sports Prods., Inc. v. Rumors Inc*., No. CCB-14-2046, 2014 WL 6675646, at *3 (D.Md. Nov. 21, 2014); *Entm't by J&J, Inc. v. Gridiron, Inc*., 232 F.Supp.2d 679, 681 (S.D.W.Va. 2001). Per the third option, a district court awards a flat sum per violation. *See Quattrocche*, 2010 WL 2302353, at *2 (citing *J&J Sports Prods. Inc. v. J.R.'Z Neighborhood Sports Grille*, C.A. No. 2:09-03141, 2010 WL 1838432 (D.S.C. April 5, 2010) (awarding flat sum of $5,000).

In support of its claim for statutory damages, Plaintiff submits: Mr. Stephens' affidavit; the contract granting it exclusive rights to distribute the Program; and an affidavit of its President, Joseph M. Gagliardi, which similarly asserts that Plaintiff retained the rights to license the program. (ECF Nos. 15-6 through 15-8). Plaintiff also attaches a "Rate Card" for the Program,"

which details that the cost to purchase the Program was $3,000 based on the occupancy of 1-100 patrons.[1] (ECF No. 15-9).

Plaintiff requests that the Court utilize the second approach and award it statutory damages equivalent to the price that Defendants would have paid had the Defendants legally purchased the Program. (ECF No. 15-5). In his affidavit, Mr. Stephens attests that on May 3, 2015, he estimated that the restaurant had the capacity to hold approximately 100 patrons, and at the time of his appearance between 90-97 patrons were in attendance. (ECF No. 15-7). The "Rate Card" provides a purchase price of $3,000 for this number of patrons. (ECF No. 15-9). Under analogous circumstances, other courts in this District accept the "Rate Card" as sufficient proof of the statutory damages amount. *See e.g., J&J Sports Prod., Inc. v. El Rodeo Restaurant LLC*, No. PJM-15-172, 2015 WL 3441995, at *3 (D.Md. May 26, 2015) (awarding $4,200 based upon rate card provided); *J&J Sports Prods. Inc, v. Greene*, No. 10-0150, 2010 WL 2696672, at *5 (D.Md. July 6, 2010) (awarding $2,200 based upon same). Accordingly, I recommend that, pursuant to § 605(e)(3)(C)(i)(II), the Court award Plaintiff statutory damages in the amount of $3,000.

### 2. *Multiple of Five Warranted for Enhanced Damages*

Plaintiff next seeks enhanced statutory damages in the amount of $15,000. Plaintiff avers that it is entitled to such an award because the Defendants willfully intercepted the Program for an indirect or direct commercial advantage. (ECF No. 15-5).

Under 47 U.S.C. § 605(e)(3)(C)(ii), a court has the discretion to increase the award of statutory damages to an amount not greater than $100,000 if it finds that "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." When considering a request for enhanced damages, a district court takes into

---

[1] The "Rate Card" further provides that Plaintiff is the only licensor of the Program and a commercial establishment must have valid authorization from Plaintiff to show the Program. (ECF No. 15-9).

account the following factors: a) evidence of willfulness; b) repeated violations over an extended period of time; c) substantial unlawful monetary gains; d) advertising the broadcast; and e) charging an admission fee or charging premiums for food and drinks. *Quattrocche*, 2010 WL 2302353, at *2.

In this case, after reviewing the uncontroverted facts, I do find that there is evidence of willfulness. The Defendants charged a cover fee for patrons to view the Program, which Mr. Stephens paid. In addition, the Program was shown on several screens located in the restaurant, including on a large projection screen. (ECF No. 15-7). Plaintiff alleges that the Program was only available through encrypted transmission and that Defendants illegally intercepted the Program. (ECF No. 15-5). Although Plaintiff did not explain the method by which the Defendants intercepted the Program, this is not fatal to its claim for enhanced damages. *See e.g., Joe Hand Promotions, Inc. v. Maryland Food & Entm't, LLC*, No. CCB-11-372, 2012 WL 5879127, at *4 (D.Md. Nov. 19, 2012); *see also J&J Sports Prod., Inc. v. Castro Corp.*, No. AW-11-00188, 2011 WL 5244440, *4 (D.Md. Nov. 1, 2011) (It is unlikely that the Defendants could have accidentally received and displayed the Program as "signals do not descramble spontaneously, nor do televisions sets connect themselves to cable distribution systems."). Accordingly, I find that the Defendants acted willfully.

With respect to repeated violations, I do not find that this factor has been satisfied. At the time that Plaintiff filed its Complaint on April 6, 2018, a district court had yet to adjudicate the merits of a case involving the same parties and alleging similar facts. Thereafter, on June 5, 2018, the Honorable Theodore D. Chuang found that Defendants El Tapatio Inc., Beronica Navarro, and Ruben Navarro Mendez illegally intercepted a broadcasted program in July 2014, in violation of 47 U.S.C. § 605 and awarded Plaintiff $8,200 in statutory damages. *See J&J Sports Prods., Inc. v. El Tapatio, Inc.*, No. TDC-17-1825, 2018 WL 2714896 at *5 (D.Md. June 5, 2018).

7

Plaintiff alleges that, less than one year later, Defendants violated the statute in May 2015. I find that because Defendants' prior conduct was recently adjudicated, the facts do not squarely fit the definition of repeated violations over a period of time. In the instant case, Defendants were not on notice that their prior acts, and the June 5, 2018 judgment, could be used as a factor warranting an enhancement of statutory damages. Thus, I find that this factor is not literally satisfied. Regardless, it is of import to this Court.

Regarding the third *Quattrocche* factor related to substantial gain, I find that at least one patron, Mr. Stephens, was charged $10 to watch the Program, which provided a financial gain to Defendants, albeit a very minimal one. *See* 2010 WL 2302353, at *3. Regarding the fourth factor, advertisement, Plaintiff has not put forth any evidence that the Defendants advertised that El Tapatio would be broadcasting the Program. In sum, I find that at least two of the five factors are satisfied to justify the court's consideration of enhanced damages.

When a finding of enhanced statutory damages is warranted, a district court is permitted to award such damages by applying a multiplier of three to six times the statutory damages awarded. *Greene,* 2010 WL 2696672, at *5*; accord J&J Sports Prods. Inc., v. Ribeiro*, 562 F.Supp.2d 498, 502 (S.D.N.Y. 2008). When a Defendant has acted willfully, but has not charged a fee, a district court has multiplied the amount of statutory damages awarded by a factor of three. *See e.g., J&J Sports Prods. Inc. v. RBP, Inc.*, No. DKC 11-336, 2012 WL 5947537, at *4 (D.Md. Nov. 27, 2012) (no admission fee constituted factor of three); *J&J Sports Prods., Inc. v. Melgar*, No. PJM-11-3339, 2012 WL 1852270, at *4 (D.Md. May 17, 2012) (utilizing a factor of three where no admission fee charged); *Greene*, 2010 WL 2696672, at *5 (same). When evidence exists that a defendant acted willfully and required a cover charge, or some other factor, a district court has multiplied statutory damages by a factor of five. *See e.g.*, *J&J Sports Prods., Inc. v. Sandoval & Sandoval, Inc.*, No. CBD-17-2413, 2018 WL 6323117, at *3 (D.Md. Dec. 4, 2018) (multiplying

by factor of five where defendant acted willfully and advertised program, but did not charge fee); *El Tapatio*, 2018 WL 2714896, at *4 (wilfullness and cover charge); *Quattrocche*, 2010 WL 2302353, at *3 (same).

In the instant case, I find that statutory damages should be multiplied by a factor of five. Here, the uncontrovereted evidence is that the Defendants acted willfully, charged a fee, and earned some profit. I find that a multiple of five is appropriate as "the amount of damages should be an adequate deterrent, . . . not so serious as to warrant putting the restaurant out of business." *Ribeiro*, 562 F.Supp. at 502. *See e.g., J&J Sports Prods. Inc. v. Mumford*, No. DKC 10-2967, 2012 WL 6093897, at * 4 (D.Md. Dec. 6, 2012) ("[A] sizeable enhanced damages award is likely not necessary to achieve the goal of specific deterrence."). Accordingly, I recommend the court award enhanced damages in the amount of $15,000.

### 3. *Plaintiff is Entitled to Attorneys' Fees and Costs*

Attorneys' fees and costs are available in actions related to illegally exhibiting an encrypted program. 47 U.S.C. § 605(e)(3)(B)(iii). Indeed, pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), when an aggrieved party prevails, the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees."  To assist the court in calculating an award of attorney's fees, the lodestar approach is most appropriate, which considers the "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp*. 549 F.3d 313, 320-21 (4th Cir. 2008). In addition, a plaintiff "must show that the number of hours for which he seeks reimbursement is reasonable and does not include hours at hat are excessive, redundant, or otherwise unnecessary." *Travis v. Prime Lending*, No. 3:07cv00065, 2008 WL 2397330, at *4 (W.D.Va. June 12, 2008). Guiding this court in its determination is the Court's Local Rules, Rules and Guidelines for Determining Attorney's Fees in Certain Cases, which states, in pertinent part, that an attorney admitted to the bar with less than five years may reasonably bill $150-225 per hour, and an attorney

with more than 20 years of experience may reasonably bill $300-474 per hour. *See e.g.*, L.R., App'x B, at 3.a.,e.

Here, Plaintiff requests attorneys' fees in the amount of $1,285 and court costs in the amount of $1,255. (ECF No. 15-5 at 10). To support its request, Plaintiff appends an "affidavit and certification of attorney's fees and costs" from its counsel Richard M. Kind, as well as a statement of costs and fees. (ECF Nos. 15-10 – 15-12). Mr. Kind represents that Plaintiff incurred $1,285 in attorneys' fees and $1,255 in costs. (ECF No. 15-10). To further support its claim for attorneys' fees, Plaintiff filed a "statement of fees" detailing the work performed, the total amount of hours worked, and the hourly rates of Mr. Kind and his associates. (ECF No. 15-12). Richard Kind billed Plaintiff for 2.7 hours at $350 per hour and Ryan Kind billed 1.7 hours at $200 per hour. (*Id.*). This time was billed for preparing, reviewing, and filing the complaint and motion requesting default judgment. (*Id.*). The hourly rate billed by Richard Kind, with 40 years of experience, comports with the rate permitted by the Local Rules. *See e.g.*, L.R., App'x B, at 3.a. Moreover, the hourly rate for Ryan Kind is also reasonable under the Local Rules, given that he has two years of legal experience. L.R., App'x B, at 3.e. I find that 4.4 hours is a reasonable amount of time to expend preparing, reviewing, and filing a complaint and motion in the case. Accordingly, I recommend that Plaintiff be awarded $1,285 in attorneys' fees.

In addition, Plaintiff seeks $1,255 in costs incurred to bring forth this action. Those costs are: an investigator fee ($635), filing fee ($400), courier service expense ($10), private process service on individual defendants ($90), and private process service on the corporate defendant ($120). Except for the court filing fee, those costs are generally borne by the client. *See e.g.,* 28 U.S.C. § 1920; *Local Rules, Guidelines for Bills of Costs*. However, because the statute mandates such costs are awarded to the prevailing party, I find that Plaintiff is entitled to $1,255 in costs and recommend their award.

**III.    Conclusion**

In sum, I respectfully recommend that the Court, **GRANT** Plaintiff's Motion for Judgment by Default (ECF No. 15), and enter judgment in the favor of the Plaintiff in the following amounts:

a) $3,000 as statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

b) $15,000 as enhanced statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);

c) $1,285 for attorneys' fees; and

d) $1,255 for court costs.


January 17, 2019                                                  /s/
                                                    The Honorable Gina L. Simms
                                                    United States Magistrate Judge